**Joanne WORK, Appellant,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**
**Appellee.**

No. 05–5350.

United States Court of Appeals,
Third Circuit.

Argued March 13, 2007.

Filed: Aug. 31, 2007.

William D. Marvin (Argued), Cohen, Placitella & Roth, P.C., Philadelphia, PA, for Appellant.

Kim R. Plouffe (Argued), German, Gallagher & Murtagh, Philadelphia, PA, for Appellee.

BEFORE: FUENTES, VAN ANTWERPEN, and SILER,* Circuit Judges.

* The Honorable Eugene E. Siler, Jr., Senior    Judge for the United States Court of Appeals

## OPINION OF THE COURT

SILER, Circuit Judge.

Joanne Work appeals the District Court's grant of summary judgment in favor of Hartford Life and Accident Insurance Company ("Hartford") on her claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, for restoration of her long term disability ("LTD") benefits. Because Hartford's termination decision was arbitrary and capricious, we reverse.

### I.

From November 1999 to May 2000, Work served as an administrative assistant for Brandywine Realty Trust, Inc. ("Brandywine"). She stopped working because she suffered severe back injuries as a result of a herniated disk and associated complications including sciatica, fibrosis, and bilateral knee problems. After receiving short term disability benefits from Brandywine, she applied, in July 2000, for LTD benefits from Hartford, which had contracted to administer and pay LTD benefits under Brandywine's ERISA plan. Hartford initially honored her claim but stopped paying benefits in January 2002, when it determined Work was no longer "disabled," as defined by the plan. Work exhausted her administrative remedies through Hartford's internal appeal process, and then brought this lawsuit to challenge the termination of her benefits. The District Court concluded that Hartford's termination of Work's disability benefits was not arbitrary and capricious, and, therefore, granted Hartford's summary judgment motion.

### II.

We review claims denials in ERISA cases under the arbitrary and capricious standard if, as here, "the benefit plan gives

for the Sixth Circuit, sitting by designation.

the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). "Under the arbitrary and capricious standard, an administrator's decision will only be overturned if it is without reason, unsupported by substantial evidence or erroneous as a matter of law [and] the court is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefits." *Pinto v. Reliance Standard Life Ins. Co.,* 214 F.3d 377, 387 (3d Cir. 2000) (internal quotation marks omitted).

In *Pinto,* we held that where an insurance company is both the plan administrator and funder, a court must take into account the structural conflict of interest present and apply a higher standard of review. *Id.* at 387–90. Under the "heightened arbitrary and capricious review" standard, a court remains "deferential, but not absolutely deferential" to the decisions of a plan administrator. *Id.* at 393. We refined this standard by adopting a "sliding scale" approach. *Id.* at 392. Under this approach, the reviewing court may take into account "the sophistication of the parties, the information accessible to the parties, ... the exact financial arrangement between the insurer and the company ... [and] the current status of the fiduciary." *Id.* We noted that the level of scrutiny applied to the fiduciary's decision is "a range, not a point." *Id.* at 392 (quoting *Wildbur v. ARCO Chem. Co.,* 974 F.2d 631, 638 (5th Cir.1992)). A court should "approximately calibrat[e] the intensity of [its] review to the intensity of the conflict." *Id.* at 393.

The District Court in this case employed a standard of review at the low end of the *Pinto* sliding scale because it found that

Hartford had only a "moderate" conflict of interest in determining Work's eligibility for disability benefits. Work argues that because Hartford's conduct displayed bias resulting from its conflict of interest, a higher level of scrutiny is appropriate. However, we need not consider this argument because we conclude that even applying the standard of review used by the District Court, Hartford's decision was arbitrary and capricious.

## III.

The District Court concluded that Hartford's decisions to terminate Work's disability benefits and to uphold its judgment on appeal are supported by the evidence in the record. We disagree. Our review of the evidence reveals that Hartford's decision was not based on a fair reading of Work's medical records and contradicts the recommendation of Work's treating orthopedic surgeon, Dr. Mansmann.

Following Work's internal appeal, Hartford conducted a paper review of her medical records. The review was completed by Dr. Elizabeth Roaf, who concluded that, based on the medical information available, Work could resume her full-time position. Hartford adopted Dr. Roaf's analysis, and the District Court determined that its reliance on this report was reasonable.

Dr. Roaf's report was deficient. Her conclusion appears to rest entirely on Dr. Mansmann's report that Work could use her hands and feet; handle, finger, and feel things; and occasionally lift weights under ten pounds, stoop, kneel, crouch, crawl, and reach above the shoulder and at waist level. However, in a 2002 letter to Hartford, Dr. Mansmann recommended that Work remain out of work. In his conversation with Dr. Roaf, he told her that "it is possible that [Work] *might* be able to perform some *part-time* position at a sedentary level," but cautioned that "she would certainly need frequent position changes, [and] the ability to sit and stand when needed." He also noted that during Work's visits to his office, she was "clearly uncomfortable" in either a sitting or standing position. Dr. Mansmann never suggested that Work could return to work on a full-time basis. Because Hartford presented no other evidence in support of its determination, its denial of benefits was arbitrary and capricious.

## IV.

For the foregoing reasons, we reverse the judgment of the District Court and remand with instructions to enter the appropriate judgment for Work.